UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GERALD F. MOLL | * | CIVIL ACTION NO. 23-6790 |
| | * | C/W 24-308 |
| VERSUS | * | |
| | * | SECTION: "P"(1) |
| AZIYO BIOLOGICS, INC., ET AL. | * | |
| | * | JUDGE DARREL JAMES PAPILLION |
| *REF: 23-6790* | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************** | * | |

ORDER AND REASONS

Before the Court is plaintiff Gerald F. Moll's Motion for Sanctions for Defendant's Withholding Material Evidence (Rec. Doc. 153). While the Court finds that the defendant improperly withheld the evidence at issue, sanctions have not been triggered under the Federal Rules of Civil Procedure, nor is there any evidence of bad faith. Nonetheless, the Court finds it appropriate to reopen the corporate deposition of the defendant for the limited purpose of questioning regarding the evidence at issue. This deposition shall be held on or before March 25, 2026, it may proceed by video, and each party shall bear its own costs. Additionally, the submission dates on certain motions that may be impacted by testimony concerning the evidence at issue shall be continued to accommodate the inclusion of any relevant deposition testimony into the briefing. Accordingly, the motion for Sanctions is GRANTED in part and DENIED in part, as further provided herein.

Background

This lawsuit arises from Mr. Moll's exposure to tuberculosis during a lumbar surgery in March 2023. Mr. Moll alleges that the bone grafts used in the procedures, the "ViBone" product, were manufactured by defendant Aziyo Biologics, Inc. n/k/a Elutia, Inc. ("Elutia") and were contaminated by tuberculosis. Additionally, Mr. Moll alleges that defendant DCIDS d/b/a

1

Tennessee Donor Services, Inc. harvested, developed, manufactured, marketed, promoted, supplied, and/or sold bone graft from a cadaver used in the creation of ViBone. Mr. Moll contends that defendants failed to properly screen and test the donor, which resulted in the use of the contaminated bone grafts in his surgery. He was hospitalized in late June 2023 with extreme shortness of breath and decreased heart function. On July 5, 2023, he learned he had tested positive for tuberculosis. Elutia announced a voluntary recall on July 13, 2023, and in August 2023, the United States Centers for Disease Control and Prevention reported a multistate tuberculosis outbreak amongst patients who had recently undergone spinal surgeries using the ViBone product from the recalled lot.

In this products liability lawsuit, Mr. Moll claims that the ViBone was unreasonably dangerous in construction or composition, in design, and due to inadequate warning and that defendants are liable for breach of express warranty. Trial is set to begin on May 4, 2026. The discovery deadline is March 23, 2026.[1]

The present dispute concerns Form FDA 483, a document issued to Elutia by the Food and Drug Administration ("FDA") on September 25, 2023, concerning the FDA's investigation of Elutia's facility over the preceding 20 days. The document lists five observations that criticize Elutia's procedures related to risk of contamination, screening of donors, donor eligibility, and training of personnel concerning donor eligibility determinations. It references Donor TDS222820—the donor at issue here. The observations are described as "inspectional observations [that] do not represent a final Agency determination regarding [Elutia's] compliance." Elutia responded to the Form FDA 483 on October 14, 2023, with a letter and attachments of almost 400 pages in total.

---

[1] This lawsuit was consolidated with a similar claim by a different patient, but that case has since settled.

Meanwhile, following his initiation of this lawsuit in November 2023, Mr. Moll served Elutia requests for production of documents in November 2024, including the following: "**REQUEST FOR PRODUCTION NO. 4:** Produce all documents, writings, or materials, between you and the Centers for Disease Control and Prevention ("CDC"), Food and Drug Administration ("FDA"), or State Health Departments regarding the 2023 recall of your ViBone product." Rec. Doc. 175-1, at 7. On December 19, 2024, Elutia responded that it "will search for and produce, if found, subject to entry of an appropriate confidentiality protective order, any reports and/or correspondence with the CDC and/or the FDA regarding ViBone Donor Lot No. TDS222820 and the July 13, 2023 voluntary recall." Id. It also objected to the request as overly broad and seeking irrelevant information "because the Request is not limited to Plaintiff, to a reasonable or relevant time frame or to ViBone from Donor No. TDS222820." Id. It proposed that "[t]he scope of discovery in this matter should be limited to the ViBone processed from allograft material retrieved from Donor No. TDS222820, the ViBone allegedly implanted in Plaintiff, and Plaintiff's surgery." Id.

The corporate deposition of Elutia was conducted almost a year later, on October 24, 2025. According to Mr. Moll, less than 24 hours before hand, Elutia produced over 15,000 documents. But Elutia did not produce either the Form FDA 483 or Elutia's response to Form FDA 483 before the deposition. The Notice of Deposition did not include a topic concerning the FDA investigation or Elutia's communications with the FDA, although it did include topics concerning Elutia's communications with the CDC. Rec. Doc. 153-7. It also included topics concerning Elutia's protocols and standards for determining donor eligibility. Id. Additionally, the notice attached requests for production that included requests for correspondence with the FDA's Center of Biologics Evaluation and the FDA's the Office of Biologics Product Operation (OBPO –

Compliance Branch) and for reports or documents related to ViBone that the FDA required it to complete.

At the deposition, Elutia's corporate witness had several binders of documents with her and she testified that she had reviewed them to prepare for the deposition. Mr. Moll's counsel estimates the binders contained at least 8,000 pages of documents. Elutia submits that the binders included indexes of their contents and that the contents included the Form FDA 483 and Elutia's response to Form FDA 483. But, Mr. Moll's counsel did not review the contents of the binder with the witness. According to Mr. Moll's counsel, there was insufficient time to do so and, he insists it would be normal to assume that the documents in the binder had already been produced in written discovery.

Following the deposition on November 10, 2025, Elutia produced 2,000 additional pages, including its response to the Form FDA 483. But it still did not produce the Form FDA 483. On February 9, 2026, Mr. Moll specifically requested the Form FDA 483 for the first time. Elutia pointed to its response to Form FDA 483 (which had been produced on November 10, 2025), and which, according to Elutia, "includes the FDA's observations noted in the 483." Email dated Feb. 13, 2026, Rec. Doc. 158-7. Ultimately, Elutia produced Form FDA 483 on February 18, 2026, "to avoid unnecessary motions practice." Id.

Mr. Moll now seeks sanctions for the late production of the Form FDA 483 because he has not had the opportunity to depose Elutia's corporate witness about the document (or Elutia's response, which was also produced after the deposition). He argues that the FDA made at least five observations that are critical to the circumstances of this case because they refute Elutia's defenses. As a remedy, he asks that Elutia be ordered to produce a corporate representative for a deposition regarding Form FDA 483 at Elutia's cost and before March 27, 2026. He also asks that four

4

motions that he says directly correlate to the Form FDA 483 be denied or continued to allow him an opportunity to fully brief on evidence obtained in the supplemental deposition. He asks further that his costs for the October 2025 corporate deposition of Elutia be reimbursed by Elutia, that the court issue further sanctions and fines against Elutia, and that the Court deem the Form FDA 483 admissible.

Elutia opposes. It argues that sanctions are not called for here because Mr. Moll has had constructive notice of the existence of the Form FDA 483 as a result of a Warning Letter that is available publicly on the FDA's website and which references the Form FDA 483. Additionally, it argues that the Form FDA 483 was present at the deposition, but Mr. Moll did not ask any questions about it. Finally, he argues that Mr. Moll has had Elutia's response to the Form FDA 483 since November 2025. Yet, Mr. Moll waited until February 9, 2026, to seek out the Form FDA 483 and until March 4, 2026, to seek sanctions. Elutia insists that Mr. Moll bears the burden of pursuing his own discovery and that his own delay is to blame for not having the opportunity to depose Elutia's witness about the Form FDA 483. Further, it submits that sanctions are not procedurally proper because Mr. Moll never sought to compel production of the Form FDA 483.

Law and Analysis

*1. Discovery Sanctions*

A party may move for an order compelling responses to requests for production pursuant to Rule 37 of the Federal Rules of Civil Procedure. If the motion is granted and the opposing party's non-disclosure was not substantially justified, the Court can award the prevailing party its reasonable expenses in making the motion. Fed. R. Civ. P. 37(a)(5)(A). The Court may also issue sanctions if a party fails to obey an order to provide or permit discovery. Id. R. 37(b)(2)(A). "The district court 'has broad discretion under Rule 37(b) to fashion remedies suited to the

5

misconduct.'" Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 488 (5th Cir. 2012) (quoting Pressey v. Patterson, 898 F.2d 1018, 1021 (5th Cir. 1990). Additionally, pursuant to Rule to 37(c), the Court may sanction a party who fails to disclose information or identify a witness as required by the provisions of Rule 26 concerning initial disclosures and expert disclosures. And pursuant to Rule 37(d), the Court may sanction a party who fails to appear for its deposition or fails to serve its answers, objections, or written response to properly served interrogatories or requests for inspection. The Court also retains an inherent authority to issue sanctions. See Chambers v. NASCO, Inc., 501 U.S. 32, 49 (1991). But this power must be exercised cautiously and typically requires a finding of bad faith. See Id. at 50.

   *2. Analysis*

   Here, none of the sanctions provisions of Rule 37 are squarely implicated. As Elutia points out, no motion to compel has been filed and no discovery order is in effect that would implicate production of the Form FDA 483. Thus, sanctions under Rule 37(a) and Rule 37(b) are not available. Nor is this a case where Elutia failed to produce a witness competent to testify as to the topics in the Rule 30(b)(6) notice or failed to serve a response to the requests for production of documents such that sanctions under Rule 37(d) would be triggered. Neither side addressed whether Form FDA 483 should have been produced with Elutia's initial disclosures such that sanctions under Rule 37(c) could be implicated.

   Nonetheless, the Court finds that Elutia failed to comply with its discovery obligations in failing to produce Form FDA 483 at an earlier time. Elutia's response to Request for Production 4 indicated that Elutia would be producing communications between it and the FDA to the extent it concerned "the ViBone processed from allograft material retrieved from Donor No. TDS222820, the ViBone allegedly implanted in Plaintiff, and Plaintiff's surgery." Mr. Moll would have been

6

reasonable to expect all communications with the FDA falling within this limited scope were being produced. Form FDA 483 concerns the ViBone from Donor No. TDS222820. Not only is the document relevant, it falls within Elutia's proposed scope of discovery. It should have been produced long before the corporate deposition. Moreover, Elutia's argument that the presence of Form FDA 483 amongst 8,000 pages at the corporate deposition somehow frees it from the obligation to actually produce the document to Mr. Moll borders on frivolous.

Whether Mr. Moll actually knew the Form FDA 483 existed at any time before February 9, 2026, is unclear. There is no reason to believe, though, that Mr. Moll's delay is due to bad faith or dilatory motive. Moreover, Elutia was in the best position to know what type of correspondence existed between it and the FDA concerning the ViBone from Donor No. TDS222820. Yet it failed to produce the document. But there is no evidence from which to conclude that Elutia withheld the document in bad faith.

While this case may not call for sanctions, the Court finds a remedy is necessary. Pursuant to Rule 30(a)(2)(A)(ii), a party must obtain leave of court to take a deposition when the deponent has already been deposed in the case. The Court must grant leave to the extent consistent with Rule 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2). Rule 26(b)(1) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(2) requires that the court, on motion or on its own, limit discovery (1) that is unreasonably cumulative or duplicative or can be obtained from another source that is more convenient, less burdensome, or less expensive; (2) when the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) when the discovery is outside the scope of Rule 26(b)(1).

The Court will interpret Mr. Moll's motion as one under Rule 30(a)(2)(A)(ii). Although Mr. Moll had the opportunity to depose Elutia regarding its processes and regarding the ViBone from Donor No. TDS222820, it was not able to ask Elutia about the observations in Form FDA 483 or Elutia's response to those observations. The Court agrees with Mr. Moll that the FDA's observations are relevant to the present matter. Under the circumstances, the Court finds it appropriate to reopen the deposition of Elutia for the limited purpose of obtaining testimony regarding the Form FDA 483, including Elutia's response thereto. This deposition may proceed via video, at Mr. Moll's option. The parties will bear their own costs.[2] The deposition must occur on or before March 25, 2026. The Court also finds it is in the interest of justice for Mr. Moll to have the opportunity include any relevant information learned at this deposition in opposing the four motions he identifies. The submission date on these motions (identified below), shall be continued to April 8, 2026.

Conclusion

For the foregoing reasons, Mr. Moll's Motion for Sanctions for Defendant's Withholding Material Evidence (Rec. Doc. 153) is GRANTED in part and DENIED in part. Although sanctions are not warranted, the deposition of Elutia will be reopened for the limited purpose of obtaining testimony regarding the late produced Form FDA 483, including Elutia's response thereto. This deposition shall be held on or before March 25, 2026, it may proceed by video, and each party shall bear its own costs. Further, to provide time for Mr. Moll to incorporate testimony obtained at the deposition into his opposition memoranda, should he wish to do so, the submission dates for the following motions are continued to April 8, 2026:

---

[2] Indeed, although Elutia should have produced the document long before the corporate deposition, Mr. Moll could have moved to compel at an earlier time. At least as of the November 2025 production, which included Elutia's response to Form FDA 483, Mr. Moll should have been on notice that Form FDA 483 existed at some time.

- Motion for Summary Judgment (Rec. Doc. 119),

- Motion in Limine to exclude evidence about and in reference to the FDA Form 483 (Rec. Doc. 125),

- Motion in Limine to exclude Evidence about and in reference to the 2021 FiberCel Recall (Rec. Doc. 128), and

- Motion in Limine to preclude argument on incorrect sepsis standard (Rec. Doc. 129).

New Orleans, Louisiana, this 17th day of March, 2026.

Janis van Meerveld
United States Magistrate Judge